UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER MARTIN,

    Plaintiff,

v.                                           CASE NO.: 8:04-CV-2328-T-23MAP

NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

      THIS CAUSE came on for consideration on Defendant's Supplemental Motion to Compel Production of Documents and to Award Sanctions (doc. 18) and Plaintiff's opposition thereto (doc. 20). Defendant seeks entry of an order requiring Plaintiff to produce all documents within his care, custody or control, to make a reasonable effort to locate documents requested by Defendant's first request for production, and explain under oath why documents cannot be located or are otherwise unavailable. Specifically, Defendant asserts that Plaintiff indicated he had no documents in response to requests for documents that Plaintiff is obligated to retain. In response, Plaintiff indicates he has produced all documents of which he is aware, but cannot produce documents that do not exist or whose existence he is not aware.

      Requests one and two concerned production of appointment books and calendars. Plaintiff states he has produced every calendar in his possession to his knowledge. Request eight concerned documents evidencing amount or income earned by or paid to Plaintiff or Peter Martin Chartered from January 1, 1997, through present. Plaintiff indicates he has

produced all records he is aware of with the possible exception of his American Express statements, which were not requested. Request fifteen concerned documents regarding health, life, disability, hospital, and malpractice coverage. Plaintiff says no documents exist, and he has consulted Steve Wittmer who also has no documents in response to this request. Request twenty concerned non-privileged files or documents related to several identified individuals. Plaintiff states he does not maintain any client files and has no documents in his possession responsive to this request, and suggests Defendant obtain files from either the Florida Bar (whom he produced his originals to in response to a Bar inquiry) or Wittmer, the successor attorney who now owns the files. Request twenty-one concerned documents related to real property owned by Plaintiff. Plaintiff states he has produced all documents in his possession in response to this request, and will produce any documents he receives in the future concerning his Belize property. After consideration, I find that Plaintiff has made a good faith attempt to locate the documents requested by Defendant. Accordingly, it is hereby

ORDERED:

1. Defendant's Supplemental Motion to Compel Production of Documents and to Award Sanctions (doc. 18) is DENIED.

DONE and ORDERED in chambers at Tampa, Florida on this 2nd day of June, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

2