UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER MARTIN,

    Plaintiff,

v.                                                    CASE NO.: 8:04-CV-2328-T-23MAP

NORTHWESTERN MUTUAL
LIFE INSURANCE COMPANY,

    Defendant.
_____/

## **ORDER**

Claiming the Plaintiff's discovery violations warrant the ultimate sanction, the Defendant moves for an order dismissing the complaint pursuant to Fed.R.Civ.P. 37(b)(2). *See* doc. 28. The Plaintiff, a former trial lawyer with federal experience, concedes he failed to produce the requested documents but claims he did not act in bad faith. After the benefit of a hearing on the matter, I find the Plaintiff's discovery violations do not justify dismissal of his complaint; nonetheless, his actions justify the imposition of sanctions that will compensate the Defendant for unnecessary discovery efforts.[1]

*A. Facts*

Plaintiff, considering the state of his health, claims he meets the definition of disability under his policy with the Defendant; the Defendant contends otherwise. To support its theory, the Defendant propounded requests for production to which the Plaintiff responded. Some of these

---

[1] United States District Judge Steven D. Merryday initially referred this matter to me for a report and recommendation (doc. 32). *See* 28 U.S.C. § 636 and Local Rule 6.01(b). But after further consultation, he orally modified the referral as one for disposition given my conclusion that dismissal of the complaint would be inappropriate.

requests sought information about income the Plaintiff may have generated while disabled, including income derived from practicing law. When defense counsel reviewed Plaintiff's submissions, counsel suspected Plaintiff had not produced all the documents available. Therefore, defense counsel telephonically conferred with Plaintiff's counsel and plainly expressed his reservations. This conversation caused Plaintiff's counsel to ask Plaintiff about the production to date and if anything had been missed. The upshot is that Plaintiff did not supplement his answers to discovery and the Defendant filed three motions to compel more complete document production. *See* docs. 13, 15, and 18. For each motion, the Plaintiff essentially maintained he had complied with his discovery obligations. *See* docs. 16 and 20.[2] Undeterred, the Defendant subpoenaed the Plaintiff's bookkeeper, Kathleen Miner, and his fiancee, Katherine Duggan for documents and testimony. Miner produced more than three boxes of documents that Plaintiff certified did not exist, and Duggan similarly produced documents Plaintiff had not. Included within these items were travel expenses and proof of income derived from practicing law.

All these documents were electronically stored in either Miner's or Duggan's computers. Plaintiff now concedes he should have produced many of these items in response to the Defendant's first document request. Nonetheless, he asserts his omissions were innocent. When he received the Defendant's initial production demand, he directed his accountant to gather the documents requested

---

[2] Some further comment is deserved here about Plaintiff's counsel performance. After Plaintiff's initial production, defense counsel repeatedly attempted to contact Plaintiff's counsel in a good faith effort to resolve concerns about the scope of production as required by Local Rule 3.01(g)  Plaintiff's counsel failed to respond to defense counsel's numerous telephone calls and letters. Plaintiff's counsel, notably, conceded his omissions were inexcusable and his conduct failed to meet this Court's expectations. *See* Middle District Discover (2001) at I.A.1 ("Discovery in this district should be practiced with a spirit of cooperation and civility," a standard which encompasses returning opposing counsel's calls or letters about a discovery dispute).

and give the Defendant "everything." She apparently either failed to understand the scope of the demand or the obligations it imposed, and Plaintiff simply assumed she would satisfactorily meet the production demands. When defense counsel raised questions about the discovery production, Plaintiff did little follow up. In short, he claims he is computer illiterate and, therefore, incapable of retrieving any electronically stored documents.

   *B. Discussion*

The Eleventh Circuit has repeatedly emphasized a trial judge's decision to dismiss a claim or enter a default judgment should be " a last resort – ordered only if noncompliance with a discovery orders is due to willful or bad faith disregard for those orders." *United States v. Certain Real Property,* 126 F.3d 1314, 1317 (11th Cir. 1997) quoting *Cox v. American Cast Iron Pipe Co.,* 784 F.2d 1546, 1556 (11th Cir. 1986); *see also Malautea v. Suzuki Motor Co.*, 987 F. 2d 1536, 1542 (11th Cir. 1993).[3] This case is not that type of case and other sanctions are more appropriate. Admittedly, Plaintiff should have done more than he did, and his training and experience as a trial lawyer weighs against his failure to comply, but I do not find he acted in bad faith, callous disregard, or intentional misconduct in light of the affidavit presented by Miner and his counsel's explanations. *Id.*

Plaintiff's reasons for non-production are unsatisfactory and warrant sanctions. The majority of documents eventually produced by Miner and Duggan were material and were in Plaintiff's home

---

[3] Rule 37(b)(2) gives judges broad discretion in fashioning sanctions for the violation of discovery orders. Although the Court did not issue a specific order compelling the Plaintiff to produce the specific documents he eventually produced, the Defendant asserts Rule 37(b)(2) nonetheless applies. While some courts may have applied this rule for discovery violations absent an order, the Eleventh Circuit has specifically refused to take that leap. *United States v. Certain Real Property,* 126 F.3d at 1316-17. That does not mean, however, that the Court is without authority to sanction the Plaintiff for his actions.

at the time the First Request for Production was served on him. As an attorney, the Plaintiff is familiar with the rules of discovery and should have understand his discovery obligations. Once his counsel notified him about the possibility his initial responses were potentially inadequate, he should have investigated his accountant's work and supplemented his production accordingly. Instead, he just relied on his agent to fulfill his obligations. His claim that he is so computer illiterate that he could not comply with production is frankly ludicrous. Accordingly, he should reimburse the Defendant its reasonable expenses, including attorney's fees, for his noncompliance. *See* Fed. R. Civ. P. 37(a)(4); *Aztec Steel Co. v. Florida Steel Corp.*, 691 F.2d 480, 482 (11th Cir. 1982) (intent of Rule 37 is to prevent unfair prejudice to the litigants and insure integrity of the discovery process).

*C. Conclusion*

For these reasons, it is hereby

ORDERED:

1. Defendant's Motion to Strike and Dismiss Complaint with Prejudice, Motion for Sanctions (doc. 28) is GRANTED to the extent that Plaintiff shall pay the Defendant its reasonable expenses, including attorney's fees, incurred in preparing and filing the Defendant's Motion to Compel Production of Documents (doc. 13), its Supplemental Motion to Compel Production of Documents (doc. 15), and its Motion to Compel Production of Documents and to Award Sanctions (doc. 18), as well as its costs in deposing Kathleen Miner, Plaintiff's bookkeeper (doc. 28).[4]

---

[4] The Court has specifically excluded from the group of sanctionable expenses the Defendant's costs and fees incurred in deposing Plaintiff's fiancee and in preparing and filing its motion to strike the complaint (doc. 28). While Plaintiff likely had joint control of Duggan's computer, some of the documents she produced apparently were hers (a calendar). Moreover, unlike Miner, Duggan did not serve as Plaintiff's agent. And Defendant's motion to strike

2. In all other respects, the Defendant's motion is DENIED.

3. The Defendant's motion to compel the Plaintiff to produce documents in response to its second request for production (doc. 29) is DENIED as moot.

IT IS SO ORDERED at Tampa, Florida on January 19, 2006.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

Counsel of Record

---

mainly argues for dismissal of the complaint as the appropriate sanction, a conclusion the Court has rejected. In any event, the monetary sanctions the Court imposes by this order are sufficient and significant.